UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KYLE BRANDON RICHARDS,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ILLUMINATI ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 21-10814<br>The Honorable Laurie J. Michelson |

**OPINION SUMMARILY DISMISSING THE COMPLAINT**

Plaintiff Kyle Brandon Richards is a state prisoner incarcerated at the Baraga Maximum Correctional Facility at Baraga, Michigan. In a *pro se* complaint, Richards alleges civil rights violations pursuant to 42 U.S.C. § 1983 by the Illuminati Association, the Skull and Bones Association, the Order of the Black Sun, the Heaven and Earth Association, and the Free Masons. (ECF No. 1.)

Upon review of Richards' complaint and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because he has filed more than three prior lawsuits that have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted and Richards' latest complaint does not plausibly allege that he is in imminent danger of serious physical injury. Indeed, Richards stresses that he is not bringing a prisoner civil rights suit.

# I. THREE STRIKES

Richards alleges in a complaint totaling over 200 pages that the Illuminati, the Skull and Bones Association, the Order of the Black Sun, the Heaven and Earth Association, and the Free Masons are "terrorizing" him. (ECF No. 1, PageID.3.) The complaint contains almost no legal language but includes diagrams of space and time. It is nearly impossible to discern the legal theories or causes of action being asserted and it appears that Richards is experiencing mental health issues. His complaint does not present an intelligible legal claim.

Richards has not formally filed an application to proceed in forma pauperis, but he has filed some supporting paperwork to pay his filing fee in installments. (ECF No. 2.) The Court construes that as an application to proceed in forma pauperis. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000) (providing that the in forma pauperis statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.)

But Richards is barred from filing any new civil action under the Prison Litigation Reform Act because he has filed more than three actions that have been dismissed as frivolous, malicious, or failing to state a claim. As 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The three strikes provision of the PLRA bars a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA . *Witzke v. Hiller,* 966 F. Supp. 538, 539 (E.D. Mich. 1997). The Court may take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485–86 (6th Cir. 2005).

A search of federal court records indicates that Richards has filed five cases that have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-1197 (W.D. Mich. filed Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. filed Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. filed May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. filed Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. field July 8, 2010).

And since then, Richards has been denied leave to proceed *in forma pauperis* in no less than twelve cases because of these prior dismissals. *See Richards v. Washington*, No. 2:20-CV-146, 2020 WL 5290616 (W.D. Mich. Sept. 4, 2020); *Richards v. Thomas et al.*, No. 1:14-cv-422 (W.D. Mich. May 12, 2014); *Richards v. Snyder et al.*, No. 1:14-cv-339 (W.D. Mich. Apr. 23, 2014); *Richards v. Snyder et al.*, No. 1:14-cv-299 (W.D. Mich. Apr. 14, 2014); *Richards et al. v. Debhour et al.*, No. 1:14-cv-239 (W.D. Mich. Mar. 26, 2014); *Richards v. Arp. et al.*, No. 1:13-cv-171, 2013 WL 1681448 (W.D.

Mich. Apr. 27, 2013); *Richards v. Snyder*, No. 12-11046, 2012 WL 1344393 (E.D. Mich. Apr. 18, 2012); *Richards v. Gov't of Iran*, No. 12-CV-11348, 2012 WL 1309847 (E.D. Mich. Apr. 17, 2012); *Richards v. Chelsea Lately Show*, No. 2:12-CV-10454, 2012 WL 458795 (E.D. Mich. Feb. 13, 2012); *Richards v. Spain*, No. 2:12-CV-10101, 2012 WL 163809 (E.D. Mich. Jan. 19, 2012); *Richards v. United States*, No. 11-CV-13069, 2011 WL 2935993 (E.D. Mich. July 20, 2011); *Richards v. United States,* No. 2:11-cv-12522 (E.D. Mich. June 20, 2011).[1]

Richards' latest complaint does not allege any plausible facts that would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the three-strikes rule. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x 470, 472 (6th Cir. 2002). Richards alleges that the defendants are using various supernatural powers to make him a "disembodied spirit" or a "fly," to otherwise threaten or oppress him to take away his material, spiritual, or divine wealth, or to subject him to systematic psychological torture. But a district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous" or "clearly baseless (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible')." *Vandiver v. Prison Health Servs., Inc.,* 727 F. 3d 580, 585 (6th Cir. 2013)

---

[1] Richards was also denied permission to proceed *in forma pauperis* when he filed a lawsuit claiming to represent the interests of the Richards Family Organization. Richards was denied permission to proceed *in forma pauperis* because the complaint indicated that Richards was a corporation and only a natural person is permitted to proceed *in forma pauperis* in federal court. *The Richards Family Organization, et al. v. United States of America,* No. 5:11-cv-12784 (E.D. Mich. July 7, 2011).

(cleaned up). Richards' allegations do not qualify under the imminent danger exception to § 1915(g). *Rittner v. Kinder,* 290 F. App'x. 796, 798 (6th Cir. 2008).

As a result, Richards' three strikes under § 1915(g) bar him from appealing *in forma pauperis. Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court declines to certify that any appeal from this dismissal would be in good faith.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Kyle Brandon Richards' request to proceed *in forma pauperis* is **DENIED** and the complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED.**

Dated: July 1, 2021

          s/Laurie J. Michelson
          LAURIE J. MICHELSON
          UNITED STATES DISTRICT JUDGE